IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUINTIN KELLY, #352736     *
      Petitioner,
v.                                                  *    CIVIL ACTION NO. RDB-17-2065

WARDEN FRANK B. BISHOP, JR.      *
JOHN MCCARTHY, *State's Attorney*
ATTORNEY GENERAL OF MARYLAND   *
      Respondents.
                                                        *****

## **MEMORANDUM**

I.      Procedural History in this Court

A brief overview of Petitioner Anthony Quinten Kelly's ("Kelly") writ history in the Court is in order. On August 14, 2009, Kelly filed a 28 U.S.C. § 2254 "Emergency" Petition for habeas corpus relief raising a direct attack on his 2008 convictions on murder, rape, and other related offenses arising out of three separate trials in the Circuit Court for Montgomery County.[1] *See Kelly v. Shearin, et al.*, Civil Action No. AW-09-2241 (D. Md.). The matter was fully briefed and on November 19, 2009, the Petition was dismissed without prejudice for the failure to exhaust state court remedies as to all three convictions. Certificates of appealability and the appeals which followed were denied.

On January 28, 2011, the Court received three Petitions for writ of habeas corpus representing Kelly's attempt to re-file a 28 U.S.C. § 2254 attack on his three 2008 convictions.

---

[1]    *See State v. Kelly*, Criminal No. 96433C, *State v. Kelly*, Criminal No. 97749C, and *State v. Kelly*, Criminal No. 97760C (Circuit Court for Montgomery Cty.)

*See Kelly v. Shearin, et al.*, Civil Action Nos. AW-11-262, AW-11-263 & AW-11-264.[2] The cases were consolidated and, after briefing, the Petitions were dismissed without prejudice for non-exhaustion of remedies. Certificates of appealability were denied. The Fourth Circuit subsequently denied certificates of appealability and dismissed the appeal.

On July 21, 2017, the Court received the above-captioned case, representing Anthony Kelly's ("Kelly") most recent 28 U.S.C. § 2254 attack on one of his three 2008 convictions in the Circuit Court for Montgomery County. The instant case attacks Kelly's first-degree rape conviction in *State v. Kelly,* Case No. 97760 and, as best determined by the Court, sets out the following grounds:

I. Kelly was convicted on the basis of an unconstitutionally suggestive identification;

II. Evidence used to convict Kelly was obtained through an illegal search and seizure; and

III. Kelly's sentence was illegally enhanced on the basis of a prior conviction.

ECF No. 1, pp. 3-5.

In their Answer Respondents argue that the Petition is subject to dismissal because the ground are unexhausted and/or time-barred. ECF No. 9. Kelly has filed a Traverse[3] (ECF No.

---

[2]  With the retirement of Judge Alexander Williams, Jr. in January of 2014, Kelly's cases were assigned to the undersigned judge.

[3]  The legal definition of a Travers is "the formal denial of a fact in the opposite party's pleading." *See* https://legal-dictionary.thefreedictionary.com/traverse. Kelly's Traverse may be viewed as a reply to Respondents' Answer.

2

10), along with a number of letters,[4] and several "Emergency" Motions seeking a Speedy Ruling, Release, Partial Judgment, and an Evidentiary Hearing, along with a Motion for Reassignment of the Case to a Different Judge, all filed after Respondents' Answer. ECF Nos. 12-16. For reasons to follow, Kelly's Motions shall be denied and the Petition shall be DISMISSED as time-barred.

II. Motion for Reassignment

The undersigned observes that's Kelly's previous federal habeas corpus cases were assigned to Judge Alexander Williams, Jr., who issued dispositive Memoranda and Orders. Kelly's cases were assigned to the undersigned judge after Judge Williams' 2014 retirement. Kelly requests that this case be reassigned to a different judge. He claims that the undersigned "has a strong personal interest" in this case and has "substantial difficulty putting out of his mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected." ECF No. 16, p. 2. He questions the Court's competency and impartiality. *Id.*

Kelly's Motion, construed as a motion for recusal, shall be denied. To be disqualifying, the alleged bias or prejudice must stem from an extrajudicial source. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In other words, it must arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998). Therefore, on their own, judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 * (4th Cir. 2008) (citing *Liteky v.*

---

[4] The letters request an updated status of the case, a docket sheet and copy work, as well as an inquiry on the evidentiary hearing, the reassignment of the case to another judge, the grounds for argument at Kelly's "upcoming" evidentiary hearing, and the activities of the Warden at the North Branch Correctional Institution. ECF Nos. 11 & 17-25.

3

*United States*, 510 U.S. 540, 555 (1994) (internal quotation marks omitted). Moreover, opinions formed by the judge during the current proceeding, or a prior one, do not generally warrant recusal. *Id.* A judge is neither required to recuse himself "simply because of unsupported, irrational or highly tenuous speculation," nor "simply because [he] possesses some tangential relationship to the proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal citation omitted).

Finally, the judge against whom the affidavit of bias is filed may rule on its legal sufficiency. *See Marty's Floor Covering Co., Inc. v. GAF Corp.*, 604 F.2d 266, 268 (4th Cir. 1979) (internal citation omitted). The affidavit shall be construed "strictly against the movant to prevent abuse." *United States v. Miller*, 355 F.Supp.2d 404, 405 (D. D.C. 2005). Kelly has failed to present an affidavit which points to an extra-judicial source of alleged bias. He has not articulated a claim that demonstrates a need for recusal.

III. State Court Record

The record presented to the Court shows that in May of 2003, Kelly was charged with first-degree rape and armed robbery in *State v. Kelly*, Case No. 97760. The charges were filed in the Circuit Court for Montgomery County. At the conclusion of pre-trial hearings, on June 3, 2004, Kelly was declared incompetent to stand trial. ECF No. 9-1, p. 37. After subsequent competency hearings commenced on January 31, 2008, on February 5, 2008, Circuit Court Judge Durke G. Thompson determined that Kelly was competent to stand trial. *Id.*, p. 51. On July 2, 2008, a jury found Kelly guilty of first-degree rape. On September 8, 2008, Kelly was sentenced to a life term by Judge Thompson. *Id.*, pp. 70 & 73.

4

Kelly noted a *pro* se appeal to the Court of Special Appeals of Maryland. The appeal was dismissed on grounds of non-compliance with the rules of appellate procedure. Kelly's petition for writ of certiorari was denied by the Court of Appeals of Maryland on July 22, 2009. According to Respondents, Kelly's reconsideration request was denied by the Court of Special Appeals on or about August 31, 2009. *Id.*, p. 76. Respondents argue that Kelly's conviction became final for direct review purposes on October 19, 2009. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

Respondents maintain that in the years which followed the completion of the direct appeal process Kelly filed a petition for writ of actual innocence on September 13, 2010, but sought permission to withdraw the petition on November 17, 2010 and April 1, 2011. ECF No. 9-1, pp. 78 & 80. He has not filed a petition for post-conviction relief in *State v. Kelly*, Case No. 97760, but did submit an application for writ of habeas corpus on February 8, 2011. The application was denied by Circuit Court Judge John W. Debelius, III that same date. *Id.*, p. 79. Kelly also filed a motion to correct an illegal sentence on April 14, 2017, which was denied by Circuit Court Judge Ronald B. Rubin on May 4, 2017. *Id.*, p. 83. Finally, Kelly filed another application for issuance of a writ of habeas corpus on May 10, 2017. It was denied by Judge Rubin on May 18, 2017. *Id.* A recent review of the state court docket shows that Kelly has filed no further post-conviction motions seeking to vacate his conviction and sentence. *See State v.*

*Kelly*, Case No. 97760 (Circuit Court for Montgomery Cty.). *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? (last reviewed April 11, 2018).

In his Traverse, Kelly contends that his custody is unconstitutional. He further alleges that he filed a petition for writ of habeas corpus in the Circuit Court for Montgomery County on May 17, 2017. ECF No. 10.

IV. Limitations Period

Respondents argue that the Petition is time-barred. A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitation under this subsection.

Kelly's conviction became final for direct appeal purposes on October 19, 2009, when the time for filing his petition for writ of certiorari with the U.S. Supreme Court expired. The one-year limitations period began to run on October 20, 2009. Even assuming, arguendo, that Kelly's September 13, 2010 petition for writ of actual innocence tolled the limitation period under 28 U.S.C. § 2244(d)(2), the petition was withdrawn, at the latest on April 1, 2011. Consequently, well over one year expired where Kelly had no proceedings in state court that would have tolled the limitation period.[5] Indeed, this petition, filed on July 14, 2017,[6] was received more than six-years later.

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi*, 562 U.S. 545, 549 (2011). The Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or

---

[5] The Court previously advised Kelly of the need to exhaust his remedies in state court by post-conviction petition. *See Kelly v. Shearin, et al.*, Civil Action No. AW-09-2241 and *Kelly v. Shearin, et al.*, Civil Action No. AW-11-262, *et seq.* He did not avail himself of this particular remedy; instead, he filed: a petition for habeas corpus on February 8, 2011, which was dismissed that same date; a motion to correct an illegal sentence on April 14, 2017, which was denied 20 days later; and another petition for habeas corpus relief on May 10, 2017, which was denied eight days later. In any event, the short pendency of these petitions and motion does not save Kelly's Petition from the limitations' period.

[6] The petition is dated July 14, 2017, and shall be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. McNeill*, 523 Fed. Appx. 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo,* 544 U.S. 408, 418 (2005). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir. 2000). Kelly raises no grounds for equitable tolling. His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

V. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a Certificate of Appealability before an appeal can proceed.

A Certificate of Appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id.* at 478; *see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017).

Kelly's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a Certificate of Appealability. Kelly may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a Certificate of Appealability after the district court declined to issue one).

VI. Conclusion

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus with prejudice as time-barred[7] and declines to issue a Certificate of Appealability.[8] A separate Order shall issue.

Date: April 12, 2018

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[7] Given the untimeliness of the Petition, the Court need not address Respondents' non-exhaustion argument.

[8] In light of the decision to dismiss the Petition as time-barred, Kelly's "Emergency" Motions for a Speedy Ruling, Release, Partial Judgment, and Evidentiary Hearing (ECF Nos. 12-15) shall be denied.